**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DEMETRIC BOWMAN,　　　　　　　　　　　　　　　Case No.

　　　　　　　　　　Plaintiff,　　　　　　　　　　　　**COMPLAINT**

　　　　　-against-
　　　　　　　　　　　　　　　　　　　　　　　　　　　**Jury Trial Demanded**
FEDERATION OF ORGANIZATIONS HOUSING
DEVELOPMENT PROGRAM 1, INC.,

　　　　　　　　　　Defendant.
-------------------------------------------------------------X

　　　　Plaintiff Demetric Bowman ("Bowman" or "Plaintiff") alleges against Defendant Federation of Organizations Housing Development Program 1, Inc. ("Federation, the "Company" or "Defendant"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Federation claims on its website (www.fedof.org/mission-and-mission/) that the Company "recognizes the reality of racial, economic and cultural disparities in our community and is committed to fostering racial and cultural equity in our hiring practices, and throughout the array of services we deliver."

2. Unfortunately, Federation failed to foster equity in its own workplace, as Bowman – a former Federation employee, was sexually harassed, discriminated against, forced to endure a hostile work environment and retaliated against on an ongoing and pervasive basis.

3. Thankfully, the Federal, New York State and New York City anti-discrimination and anti-retaliation laws are intended to afford the same rights to all employees, no matter their gender, and provide them with the dignity and respect they deserve in the workplace.

4. As such, this is an action for declaratory, injunctive and monetary relief to redress Defendant's unlawful employment practices, including unlawful discrimination, a hostile

work environment and retaliation committed against the Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII pursuant to 28 U.S.C. § 1331 and 1343, because those claims arise under the laws of the United States. This Court has supplemental subject matter jurisdiction over Plaintiff's related state and city law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

7. On June 9, 2023, Plaintiff duly filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") – EEOC Charge No. 520-2023-05748.

8. The EEOC sent a Notice of Right to Sue to Plaintiff dated December 1, 2023.  See Exhibit A.

9. Any and all other prerequisites to the filing of this suit have been meet.

## PARTIES

10. Plaintiff Demetric Bowman ("Bowman" or "Plaintiff") was and is a resident of Queens County in the State of New York.

11. Bowman was and is a female.

12. Defendant Federation of Organizations Housing Development Program 1, Inc. ("Federation", the "Company" or "Defendant") was and is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Federation was and is authorized to conduct business in the State of New York.

14. Federation "is a multi-service, community-based social wellness agency and is a major provider of health and wellness, senior & children's services, housing, and support services."

15. Federation was and is located at 80-45 Winchester Blvd, Queens NY 11429.

## FACTUAL ALLEGATIONS

16. On or about August 16, 2021, Bowman commenced employment with Federation.

17. Bowman was employed by Federation as a Case Manager.

18. Bowman's job duties and responsibilities included but were not limited to: monitoring scatter sites for newly released inmates from upstate New York correctional facilities.

19. Bowman earned approximately $19.26 per hour while working 35 hours per week.

20. Bowman worked for Federation at 80-45 Winchester Blvd, Queens NY 11429.

<u>Sexual Harassment, Gender Discrimination and Hostile Work Environment</u>

21. Bowman worked in a group alongside three male employees – Jude Jean ("Jude"), an interventionist, Greg Edwards (Greg"), a case manager, and Franz (last name currently unknown), a housing specialist.

22. Frequently, Bowman, Jude, Greg and Franz would be in the company van together.

23. While in the company van, Bowman's male colleagues would repeatedly make inappropriate sexual comments.

24. Things got so uncomfortable for Bowman that she would often put on headphones to block the noise.

25. Examples of the sexually harassing comments included but were not limited to:

- **Look at her butt, Ms. Bowman**
- **Don't she have a big ass**
- **Ms. Bowman, how do you like it?**

3

- **Do you like to get oral sex?**

- Jude would speak about his lack of sex with his wife. **Jude said that just because he had cancer and his libido does not go up, he could still eat and please her (his wife).**

26. The male co-workers would also show each other and Bowman pictures of naked women on their phone.

27. As the pictures were being shown, Jude told Bowman, Ms. Bowman, **Look at her ass, wouldn't you want a butt like her?**

28. Greg added to the sexual harassment by telling Bowman, **You look beautiful, you smell nice and asking, O what kind of perfume you got on?**

29. In approximately May 2022, Jude escalated his sexual harassment of Bowman when his wife went away. Specifically, Jude told Bowman, All I need is some company.

30. Jude further asked, Ms. Bowman, would you keep me company while my wife is away on vacation?

31. Bowman rejected Jude's advances by saying, Jude you're married.

32. Nonetheless, Jude continued by asking Bowman, **Why don't you allow me to put your pussy on a platter and slowly eat you and satisfy you?**

33. Bowman, highly offended, told Judge not to disrespect her, and again told Bowman, You have a wife. I wish you and your wife the best.

34. In approximately late June 2022, a meeting was held to discuss a new intake scheduled for July 1, 2022. In the meeting, John Wooley (a Federation supervisor) told Bowman that she needed Greg to assist her with this intake. Greg then said, O we are going on a "date." John Wooley then jokingly said, No, not a date, and everyone laughed.

35. At the July 1, 2022 intake, not only did Greg show up to assist Bowman, but Jude did also on a day he was scheduled to be off (to Bowman's surprise).

36. Shortly after this incident, in July 2022, Bowman complained to Jenette Kallope (a Federation supervisor) ("Jenette") about Jude.

37. Jenette said she would speak to Jude.

38. In August 2022, Bowman was in the company van with Jude.  Jude asked, Ms. Bowman would you please give me a chance?  Why are you making it seem that I'm not attractive?  Bowman told Jude, I am not attracted to you.  You have a wife.

39. Concerned about continuing to work with Jude, Bowman attempted to rely on Greg more for assistance, especially for visits to the Bronx.  Nonetheless, the situation did not improve much, as Greg sexually harassed Bowman, saying, **O you grace me with your presence and Your perfume smells good**.

Retaliation

40. In approximately August 2022, Bowman mustered the courage to formally complain of sexual harassment to Janette.

41. Janette told Bowman she would have a talk with Jude.  Janette also told Bowman to attempt to work with females, but that was not possible since there were no female interventionists.

42. Not only did Jude's sexually harassing behavior not change, Bowman was retaliated against by Federation employees following her complaint.

43. Bowman was given the silent treatment, as Federation employees intentionally refused to say good morning to Bowman.

44. On or about January 6, 2023, John Wooley (Federation supervisor) disrespected Bowman on a morning work call, for no reason.

45. On or about Thursday, January 12, 2023, Greg told Bowman, I need to be careful around you because Gaile tells me you plan on reporting Jude for sexual harassment.  Gaile Lambert ("Gaile") was hired by Federation as a new case manager in October 2022.  Bowman told Gaile to be careful with Jude given her past interactions with him.

46. Later that same day (Thursday, January 12, 2023), Bowman reported the sexual harassment to Alicia White (Federation Associate Program Director).

47. Bowman verbally told Alicia White in-person about Jude and Greg's sexual harassment.  Alicia said she would speak with Federation upper management, specifically Ryan and Michelle.

48. **In the meeting, Bowman also asked for a transfer.  Alicia White denied Bowman's transfer request, telling her, You need to follow proper protocols for a transfer.**

49. On or about Thursday, January 19, 2023, during an office audit, with Ryan Busuttil (Federation Director) present (sitting behind Greg and Bowman), Greg said, **O Ms. Bowman, You smell so good.  What is it you got on?  I would tell you something else, but Ryan is in the office.  If I say it, I might get a sexual harassment charge.**

50. On or about January 25, 2023, Alicia White called Bowman and asked if she hard from Michelle regarding her sexual harassment complaint.  Bowman responded, No.  Alicia then emailed Michelle (and cc'ed Bowman) to follow-up with Michelle on the status.

51. To Bowman's knowledge, no investigation was conducted by Federation into Bowman's sexual harassment complaint.

52. On or about February 14, 2023 (Valentine's Day), Bowman, Greg, Jude and Alicia White were in the office.  Greg asked Alicia what she wanted for Valentine's Day.  In response, Alicia said, Ask Ms. Bowman because I know she doesn't have a Valentine.  Everyone

6

laughed. Alicia then continued by asking Bowman (on her way out of the office), Where are you going, you don't want to wait for your Valentine's Day gift from Jude and Greg; no candy, wait for the guys (Jude and Greg) to bring back candy for you.

53. Bowman, highly offended that the supervisor she complained to about the sexual harassment was, herself, joining in on the harassment, said she was allergic to candy, went home and cried much of the night.

54. Unable to endure the sexual harassment, hostile work environment and retaliation any longer, on or about July 31, 2023, Bowman was forced to resign her employment from Federation, i.e., a constructive termination.

55. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

56. As a result of the Defendant's actions, Plaintiff suffered and continues to suffer from severe emotional distress.

57. As a result of the Defendant's actions, Plaintiff sustained lost wages.

58. As Defendant's conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages.

## FIRST CAUSE OF ACTION
### (Gender / Sex Discrimination in Violation of Title VII)

59. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

60. By the actions described above, among others, Defendant has discriminated against Plaintiff because of her gender / sex in violation of Title VII.

61. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of Title VII)

62. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

63. By the actions described above, among others, Defendant has discriminated against Plaintiff and created a hostile work environment because of her gender / sex, in violation of Title VII.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

65. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

66. By the actions described above, among others, Defendant retaliated against Plaintiff in violation of Title VII for engaging in protected activity.

67. As a direct and proximate result of Defendants unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
### (Gender / Sex Discrimination in Violation of NYSHRL)

68. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

69. By the actions described above, among others, Defendant has discriminated against Plaintiff because of her gender / sex in violation of the NYSHRL.

70. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

### FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of NYSHRL)

71. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

72. Pursuant to the NYSHRL, a Plaintiff can establish a hostile work environment claim if she can show that she was treated less well than other employees because of her protected class.

73. Plaintiff was treated less well by the Defendant because of her gender/sex.

74. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

### SIXTH CAUSE OF ACTION
### (Retaliation in Violation of NYSHRL)

75. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

76. By the actions described above, among others, Defendant has retaliated against Plaintiff in violation of the NYSHRL for engaging in protected activity.

77. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SEVENTH CAUSE OF ACTION
### (Gender / Sex Discrimination in Violation of NYCHRL)

78. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

79. By the actions described above, among others, Defendant has discriminated against Plaintiff because of her gender / sex in violation of the NYCHRL.

80. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## EIGHTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of NYCHRL)

81. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

82. Pursuant to the NYCHRL, a Plaintiff can establish a hostile work environment claim if she can show that she was treated less well than other employees because of her protected class.

83. Plaintiff was treated less well by the Defendant because of her gender/sex.

84. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of NYCHRL)

85. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

86. By the actions described above, among others, Defendant has retaliated against Plaintiff in violation of the NYCHRL for engaging in protected activity.

87. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal, state and city law;

B. An injunction and order permanently removing and clearing information to the contrary contained in Plaintiff's employee file and restraining Defendant from engaging in such unlawful conduct;

C. An award of compensatory damages as of result of Defendant's violation of Title VII, the NYSHRL and the NYCHRL;

D. An award of lost wages to Plaintiff, retroactive to the date of her constructive termination;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, and emotional and psychological distress caused;

F. An award of punitive damages;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and attorneys' fees pursuant to applicable law; and

I. An award of such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 5, 2023
New York, New York

Respectfully submitted,

**Akin & Salaman**

*/s/ Robert D. Salaman*
_____

Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*